# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICKY JOHNSON,
 a/k/a Rodney Knuckles

    Petitioner,  : Case No. 2:21-cv-790

 - vs -       District Judge Edmund A. Sargus, Jr.
           Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

           :
    Respondent.

## REPORT AND RECOMMENDATIONS

  Petitioner Ricky Johnson (aka Rodney Knuckles) brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain release from his confinement resulting from revocation of his parole from a fifteen years to life sentence for murder. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 13), the Return of Writ (ECF No. 14), and Petitioner's Reply (ECF No. 18).

  In 1981 Petitioner was convicted of murder in violation of Ohio Revised Code § 2903.02 and sentenced to imprisonment for fifteen years to life (Sentencing Entry, State Court Record, ECF No. 13, Ex. 3). Paroled several times, he continued to offend and was variously punished. On October 27, 2010, he was convicted of burglary in the Common Pleas Court of Summit County in Case No. CR 10 04 1130 and sentenced to five years imprisonment. However the court suspended the sentence and placed him on two years of community control (Sentencing Entry, State Court

1

Record, ECF No. 13, Ex. 6). Again on July 3, 2012, Johnson was convicted in Summit County of breaking and entering and sentenced to a year in prison. *Id.* Ex. 8. This new criminal conduct violated the conditions of his community control term which was revoked. Then Adult Parole Authority ("APA") also took notice and moved to revoke Johnson's parole.

Petitioner is a member of the class of persons governed by the consent decree in *Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D. Ohio 1996). Because of that, the APA notified him of his right to a mitigation hearing under the consent decree (Notice, State Court Record, ECF No. 13, Ex. 10). Johnson executed a written waiver of his procedural rights associated with the *Kellogg* hearing. *Id.* The APA then proceeded with that hearing and, on August 13, 2012, revoked Johnson's parole, resulting in his present imprisonment. *Id.* at Ex. 11.

It is from that imprisonment that Johnson seeks release, pleading the following Ground for Relief:

> **Ground One**: The Adult Parole Authority at the Kellogg v. Shoemaker "revocation" hearing violated the minimum due process requirements described by the U.S. Supreme Court in *Morrissey v. Brewer,* 92 S.Ct. 2593, when they revoked Petitioner's parole "without" (1) written notice of the claim violations of parole, in violation of due process of law of the Fourteenth Amend. of the U.S. Constitution.

(Petition, ECF No. 3, PageID 62-63).

Respondent asserts the Petition is untimely filed and should be dismissed on that basis (Return, ECF No.14, PageID 276, *et seq.*). Respondent relies on 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the filing deadline by asserting that Johnson knew all of the factual predicates of his habeas claim the day the APA acted, August 13, 2012. Therefore the statute of limitations began to run that day and expired one year later on August 13, 2013. *Id.* at PageID 277. Johnson did not file his Petition until February 15, 2021, when he placed it in the prison mailing system.[1] Because this is more than seven years after the statute expired, Respondent asserts the Petition should be dismissed with prejudice (Return, ECF No. 14, PageID 282).

In his Reply, Johnson asserts that the Supreme Court of Ohio has jurisdiction to determine whether a prisoner is entitled to release because of an inappropriate *Kellogg* hearing (ECF No. 18,

---

[1] For incarcerated persons, this date of deposit counts as the filing date. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

PageID 307, citing *State v. Smith*, (2009-Ohio-1914)[Correct citation, *Johnson v. Smith*, 2009-Ohio-1914 (Ohio App. 3d Dist. Apr. 27, 2009)] . He avers that he sought relief from that court on September 9, 2020, by petition for a state writ of habeas corpus. He further asserts that because the *Kellogg* hearing in his case unconstitutionally deprived him of his liberty, it was void and, under Ohio law, can be attacked at any time without application of the doctrine of *res judicata*. *Id.*, citing *State v. Fischer*, 2010-Ohio-6238[2]. He notes that the Supreme Court of Ohio dismissed his state habeas petition on October 27, 2020, and claims he thereby exhausted his available state court remedies on that date. *Id.* at PageID 308.  He asserts the federal statute of limitations is tolled until the state supreme court concludes review.  *Id.*

## Analysis

Johnson argues that his Petition is timely because it was filed within one year of the Ohio Supreme Court's denial of state habeas corpus relief on his claim. *Johnson v. Smith, supra*, cited by Petitioner as *State v. Smith*, holds that the existence of authority in the federal court that approved the consent decree in *Kellogg* to enforce the decree does not deprive the Ohio courts of their jurisdiction to consider in state habeas corpus whether a member of the *Kellogg* class has been unconstitutionally revoked.[3]  The Magistrate Judge assumes *Johnson* is good Ohio law because Ohio Revised Code § 2725.01 provides:

> Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully

---

[2] Also reported at 128 Ohio St.3d 92.
[3] *State v. Fischer, supra*, also relied on by Johnson, holds that failure of a trial judge to impose a mandatory period of post-release control renders the judgment void.  *Fischer* has been overruled by *State v. Harper*, 160 Ohio St. 3d 480 (2020), and in any event has no application this case which had no mandatory period of post-release control.

4

> deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

Johnson's first state habeas petition raising this challenge was dismissed for procedural irregularities, but the appellate court acknowledged jurisdiction to consider APA actions in "extraordinary circumstances." *State of Ohio, ex rel Rickey Johnson v. Turner*, Case No. 9-14-30 (Ohio App. 3d Dist. Oct. 8, 2014)(copy at State Court Record, ECF No. 13, Ex. 16), citing *State, ex rel. Jackson, v. McFaul*, 73 Ohio St. 3d 185 (1995). The Supreme Court of Ohio did not give lack of jurisdiction as a ground for dismissing Johnson's most recent state habeas corpus petition (Entry, State Court Record, ECF No. 13, Ex. 21). Therefore the Magistrate Judge assumes Petitioner's third state habeas corpus petition was a "properly filed" collateral attack on the APA revocation in the sense that the Ohio Supreme Court had jurisdiction to hear it and there is no statute of limitations that barred that filing.

Johnson's filing of his third state habeas petition does not answer Respondent's limitations defense, however, because a properly filed collateral attack only tolls the federal statute of limitations, but does not start it over again. *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). The AEDPA one-year statute of limitations in this case had already expired more than seven years before Johnson file his third state habeas petition and thus there was nothing for that application to toll.

**Conclusion**

Johnson's Petition is barred by the statute of limitations. On that basis it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it

5

is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 2, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #