# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICKY JOHNSON,
 a/k/a Rodney Knuckles

    Petitioner,  : Case No. 2:21-cv-790

 - vs -       District Judge Edmund A. Sargus, Jr.
            Magistrate Judge Michael R. Merz

WARDEN, Ross
 Correctional Institution,

            :
    Respondent.

## DECISION AND ORDER

  This habeas corpus case was brought *pro se* by Petitioner Ricky Johnson (aka Rodney Knuckles) to obtain release from his imprisonment following revocation of his parole from a fifteen years to life sentence for murder. The case is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition as barred by the federal statute of limitations (Report, ECF No. 19).

  Under Fed.R.Civ.P. 72(b)(3), a litigant who receives an adverse recommendation from a Magistrate Judge on a dispositive question, such as disposition on the merits of a habeas corpus petition, is entitled to *de novo* review by the assigned District Judge of every portion of the recommended decision to which he or she has made substantial objection. This Decision embodies the results of that *de novo* review.

**Analysis**

The State Court Record establishes that Johnson was convicted in 1981 of murder in violation of Ohio Revised Code § 2903.02 and sentenced to imprisonment for fifteen years to life (Sentencing Entry, State Court Record, ECF No. 13, Ex. 3).  The parole revocation proceeding of which he complains occurred August 13, 2012. *Id.* at Ex. 11.  Petitioner's sole Ground for Relief on this case claims the notice of that proceeding violated his constitutional rights as established in *Morrissey v. Brewer*, 408 U.S. 471 (1972)(Petition, ECF No. 3, PageID 62-63).

Magistrate Judge Kimberly Jolson ordered an answer to the Petition (ECF No. 2).  In its Return the Parole Authority claimed the Petition was untimely filed under 28 U.S.C. § 2244(d)(ECF No. 14, PageID 276).  It noted the relevant parole revocation occurred in August 2012 and Petitioner then knew all the facts necessary to claim the notice was constitutionally insufficient, but Petitioner did not file in this Court until he deposited the Petition in the prison mailing system on February 15, 2021.

Petitioner responded by noting that he had filed a petition for a state writ of habeas corpus in the Supreme Court of Ohio on September 9, 2020, the Ohio Supreme Court had dismissed his state petition on October 27, 2020, and he had filed here within one year of that date (ECF No. 18).

Accepting these facts, which are established by the State Court Record, the Magistrate Judge nonetheless recommended dismissal of the petition as time-barred, noting that a collateral state court attack on a judgment merely tolls the federal statute of limitations and does not restart it (Report, ECF No. 19, PageID 318, citing *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001), and *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

In his Objections, Petitioner asserts there is no statute of limitations for filing an Ohio habeas corpus challenging an invalid revocation proceeding (Objections, ECF No. 20, PageID 322, citing *State v. Pippen*, 2014-Ohio-4454 (Ohio App. 4th Dist. Sept. 30, 2014)(McFarland, J.); *State v. Billiter*, 134 Ohio St.3d 103 (2012), and *State v. Williams,* 148 Ohio St.3d 403 (2016)

In *Pippen*, Judge McFarland, now a judge of this Court, relied on *Billiter* for the proposition that a void Ohio judgment is not subject to *res judicata* and can be attacked at any time in the Ohio courts, either on direct appeal or collaterally. *Id.* at ¶ 11.  In *Williams* the Supreme Court of Ohio held that a criminal judgment which does not merge allied offenses of similar import is void and not protected by *res judicata*.  In *State v. Henderson,* 161 Ohio St. 3d 285 (2020), the court abrogated *Williams* and held that such sentences are merely voidable.  These cases all deal with the doctrine of *res judicata* and not any time limit on filing an Ohio petition for writ of habeas corpus.

Ohio Revised Code § 2725.01 provides:

> Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

On its face the statute does not provide a time limit for seeking the writ.  In dismissing Petitioner's most recent state habeas petition, the Supreme Court of Ohio did not cite untimely filing as a reason.  In its Return in this case, Respondent does not assert that Petitioner's most recent state habeas petition was time-barred under Ohio law.  The Court therefore accepts that Petitioner's filing in the Supreme Court of Ohio was timely.

That fact, however, is not relevant to the issue before this Court because it is a federal statute of limitations which is at issue here.  Up until 1996 there was no statute of limitations for petitions for the federal writ of habeas corpus.  However on April 24, 1996, Congress enacted the

3

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which provided a statute of limitations on the federal writ for the first time. As provided in 28 U.S.C. § 2244(d), that limit is one year. If a state prisoner properly files a collateral attack in state court **before** that one year expires, the federal statute is tolled so long as the state collateral attack is ending. § 2244(d)(2). But as the authority cited in the Report holds, filing a state collateral attack **after** the one year runs does not restart the federal statute.

As Petitioner correctly points out, a state prisoner must exhaust available state court remedies for his claims before coming to federal court. But the fact that a prisoner may have an available state court remedy does not extend the federal statute until after exhaustion. In other words, the exhaustion and limitations hurdles to federal habeas operate independent of each other.

Petitioner's Objections on this point rely on *Lawrence v. Florida*, 549 U.S. 327 (2007); and *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000). Those decisions hold state convictions become final on direct review when certiorari is denied by the United States Supreme Court or when the time to file a petition for certiorari expires. Petitioner's conviction became final on direct review many years ago. His state habeas petition was a collateral attack on the judgment, not a stage in the direct review process.

## Conclusion

Having conducted a de novo review of the Magistrate Judge's Report in light of Petitioner's Objections, the Court ADOPTS the Report and OVERRULES the Objections. The Clerk will therefore enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court

certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 17, 2021.

s/Edmund A. Sargus, Jr.<br>
Edmund A. Sargus, Jr.<br>
United States District Judge