# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICKY JOHNSON,
 a/k/a Rodney Knuckles

        Petitioner,    :    Case No. 2:21-cv-790

- vs -    District Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

WARDEN, Ross
  Correctional Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Reopen his habeas corpus case pursuant to Fed.R.Civ.P. 60(b)(6)(ECF No. 37).

Johnson filed this case February 15, 2021, complaining of constitutional violations in the parole revocation proceedings which resulted in his continued incarceration August 13, 2012. The Court calculated that the AEDPA one-year statute of limitations began to run on the date of revocation and the Petition was therefore untimely (Report and Recommendations, ECF No. 19). The Petition was dismissed with prejudice on that basis on August 17, 2021 (ECF No. 21). Johnson did not effectively appeal from that decision and it remains the binding law of the case.

Johnson now seek relief from that judgment on the basis of *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In that case the Supreme Court held actual innocence would excuse procedural

1

failure in bringing habeas corpus proceedings, including failure to file within the time allowed by 28 U.S.C. § 2244(d).

The instant Motion does not constitute a second or successive habeas petition because it presents, not a new claim relating to the parole revocation, but a claim attacking a defect in this Court's prior resolution of the claim, to it, application of the statute of limitations which should have been excused under *McQuiggin*. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. Because the instant Motion is not a second or successive petition, this Court has jurisdiction to decide it.

However, the Court should deny the Motion because Johnson has not shown actual innocence as required by *McQuiggin*. His argument doubles back on his underlying constitutional claims of lack of written notice of revocation proceedings which he asserts makes the revocation unconstitutional. But actual innocence is factual innocence, not legal innocence. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Supreme Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Johnson has submitted no new evidence of actual innocence at all, evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

**Conclusion**

Because Petitioner has submitted now new evidence of actual innocence that meets the *Schlup v. Delo* standard, his Motion for Relief from Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

August 11, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
