UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKY JOHNSON,**
a/k/a Rodney Knuckles,

      **Petitioner,**            Case No. 2:21-cv-790
                                     Judge Edmund A. Sargus, Jr.
v.                                         Magistrate Judge Michael R. Merz

**WARDEN, RICHLAND**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

This case is before the Court on Petitioner's Motion to Reopen his case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 37).  The Magistrate Judge issued a Report and Recommendation (ECF No. 38), in which he recommended that Petitioner's Motion be denied, to which Petitioner objected (ECF No. 39), and Defendant responded in opposition to the objection (ECF No. 40).  For the reasons set forth below, the Court **OVERRULES** Petitioner's Objection (ECF No. 39), **ADOPTS** the Report and Recommendation (ECF No. 38), and **DISMISSES** this case.

### I.

Petitioner Ricky Johnson brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain release from his confinement resulting from revocation of his parole from a fifteen years to life sentence for murder. Mr. Johnson filed this case February 15, 2021, contending he was subjected to violations of his constitutional rights in the parole revocation proceedings which resulted in his continued incarceration August 13, 2012.

The Court calculated that the Antiterrorism and Effective Death Penalty Act one-year statute of limitations began to run on the date of revocation and the Petition was therefore untimely.  (Report and Recommendations, ECF No. 19.)  The Petition was dismissed with prejudice on that basis on August 17, 2021.  (ECF No. 21.) Mr. Johnson did not effectively appeal from that decision, and it remains the binding law of the case.

Petitioner now seeks relief from that judgment on the basis of *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  In that case the Supreme Court held actual innocence would excuse procedural failure in bringing habeas corpus proceedings, including failure to file within the time allowed by 28 U.S.C. § 2244(d).

## II.

In his Report and Recommendation, the Magistrate Judge correctly explained that Petitioner's instant Motion does not constitute a second or successive habeas petition because it presents, not a new claim relating to the parole revocation, but a claim attacking a defect in this Court's prior resolution of the claim.  Specifically, Petitioner argues that the application of the statute of limitations which should have been excused under *McQuiggin*. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity.  Because the instant Motion is not a second or successive petition, this Court has jurisdiction to decide it.

In deciding the issue, this Court agrees with the Magistrate Judge that Petitioner's Motion is properly denied because Mr. Johnson has not shown actual innocence as required by *McQuiggin*.  As correctly explained in the Report and Recommendation:

> [Petitioner's] argument doubles back on his underlying constitutional claims of lack of written notice of revocation proceedings which he asserts makes the revocation unconstitutional. But actual innocence is factual innocence, not legal innocence. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Supreme Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Johnson has submitted no new evidence of actual innocence at all, evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

(Report and Recommendation at 2, ECF No. 38.)

Accordingly, because Petitioner has submitted no new evidence of actual innocence that is sufficient under the binding case law, his Motion for Relief from Judgment is **DENIED**.

### III.

The Court finds that reasonable jurists would not disagree with the conclusions reached in this Opinion and Order, therefore, Petitioner is **DENIED** a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

### IV.

For the reasons set forth above and in the Report and Recommendation, the Court **OVERRULES** Petitioner's Objection (ECF No. 39), **ADOPTS** the Report and Recommendation (ECF No. 38), and **DISMISSES** this case. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant and **CLOSE** this case.

**IT IS SO ORDERED.**

| | |
|---|---|
| **2/21/2023** | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |